## Vandervoort v. Rockford Insurance Company.

1. *Promissory Notes—Alteration of Instrument.*—In an action upon a promissory note, it appeared that it had been detached from another instrument, to wit, an application for insurance. *It was held,* that it formed no part of the instrument, and that its detachment did not render the note void.

Memorandum.—Action of assumpsit on promissory note. Appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, HALEY & O'DONNELL, ATTORNEYS.

The cutting off of a memorandum or contract attached to a note, which expresses the consideration upon which the

note was made or given, is such a fraudulent alteration of the contract, as will render the note void. Pigot's Case, 11 Co. Rep. 28; Bayley on Bills, 59; Homer v. Wallis, 11 Mass. 309.

HILL, HAVEN & HILL, attorneys for appellee.

OPINION OF THE COURT, HARKER, P. J.

This was an action of assumpsit upon a promissory note given in consideration of an insurance policy, executed by appellee upon the buildings, stock and other property situated on appellant's farm.

The pleas interposed were, the general issue, *non est factum*, verified by affidavit, and a plea setting up that the note was obtained by fraud and circumvention. The case was tried by the court, the issues found for the plaintiff and judgment rendered for the amount of the note and interest.

We have carefully examined the evidence in the record and, although there is some conflict, have reached the conclusion that appellant signed the note sued on, that he at the time knew he was signing it, and that the agents of the company who solicited the insurance and procured the execution of the note, were not guilty of such fraud and circumvention as to render the note void.

It is contended that the note was not admissible in evidence, because it had been detached from another writing, executed at the same time on the same sheet of paper and which formed a part of the contract. The other writing was the application for insurance. It would be absurd to hold that it formed a part of the note and that by its detachment the note was vitiated.

Appellant has no just ground of complaint because the court refused propositions of law tendered by him. In our opinion the court's finding on the issues was supported by a clear preponderance of the evidence, and the judgment should stand. Judgment affirmed.